

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William W. Allen
County Attorney
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. 0-3228
Re: Whether a county commissioner
with the approval of the
commissioners' court may lease
the road machinery or road
equipment of a county to an
individual, company or corpora-
tion for the construction, out-
side of the boundaries of such
county of aviation fields, camp
sites, or roads.

Your letter of June 26, 1941, requesting an opinion
of this department, contains the following question:

"Can a county commissioner, with the
approval of the commissioners' court, lease
the road machinery or road equipment of a
county to an individual, company or
corporation for the construction, outside
of the boundaries of such county, of
aviation fields, camp sites or roads?"

The commissioners' court is a creature of the
State Constitution and its powers are limited and controlled
by the Constitution and laws as passed by the Legislature.
Article 5, Section 18 of the Constitution of Texas; Baldwin
vs. Travis County, 40 Tex. Civ. App. 199, 88 S.W. 480;
Bland vs. Orr, 90 Tex. 492, 39 S.W. 558; Edwards County vs.
Jennings, 33 S.W. 585; 15 C.J. 537; Hill County vs. Bryant
and Huffman, 264 S.W. 520; Commissioners' Court vs. Wallace
15 S.W. (2d) 535.

We quote from 15 C.J. 537, supra:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable William W. Allen, Page 2

> "In accordance with the general rule
> heretofore stated, that county boards or
> county courts have no powers other than those
> conferred expressly or by necessary
> implication, such courts or boards have
> no power to rent or lease property or
> franchises owned by the county, in the
> absence of statutory authority to do so."

This department held in Opinion No. O-2034, approved March 12, 1940, that the commissioners' court had no authority to lease grading equipment such as tractors and graders, to a contractor who has taken a contract to build a road within the county.

For your information, we enclose a copy of the foregoing opinion. It will be noted that this department follows a prior ruling which held that commissioners' court has no authority, expressed or implied, to hire out county road machinery while such machinery is idle. The Legislature by the provisions of Article 2372c, Vernon's Annotated Civil Statutes, has granted to the commissioners' court authority to employ or permit to be employed road machinery or other road equipment in the service of soil conservation and prevention of soil waste through erosion, all of which is pointed out in the opinion attached.

It would appear that the foregoing opinion answers your question in the negative. Unless extended by the Legislature the powers and authority of the commissioners' court are confined in and co-extensive with the boundaries of the county over which it presides. The function of such courts pertaining to the general welfare of their respective counties is clearly set forth in the following language taken from the opinion in Edwards County vs. Jennings, supra, and we quote:

> "Counties are political or civil divisions
> of the state, created for the purpose of bring-
> ing government home to the people, and supplying
> the necessary means for executing the wishes
> of the people, and bringing into exercise the
> machinery necessary to the enforcement of local
> government. Counties being component parts of
> the state, have no powers or duties except those
> clearly set forth and defined in the constitution

and statutes. 1 Dill. Mun. Corp ¶ 25. The statutes of Texas have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' court, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties. It is provided in the constitution that the 'county commissioners so chosen, with the county judge, as presiding officer, shall compose the county commissioners' court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this constitution and the laws of this state, or as may be hereafter prescribed.' Const. art. 5 ¶ 18. Looking to the powers granted by the legislature by virtue of the above constitutional provision, we find that no authority is given the commissioners' court to enter into such contracts as the one sued on in this case. Rev. St. Art. 1514. It is clear, therefore, that the attempted contract was beyond the power and authority confided in the county commissioners; * * *"

It is therefore the opinion of this department that the commissioners' court has no authority to lease road machinery or road equipment to an individual, company or corporation for the construction of any works of improvement including aviation fields, camp sites or roads outside the boundaries of the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

APPROVED AUG 1, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJRK:eaw



APPROVED
OPINION
COMMITTEE
BY